UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JESSICA B.,

                            **Plaintiff,**

                    v.                              3:18-CV-424
                                                       (FJS)

COMMISSIONER OF SOCIAL SECURITY,

                            **Defendant.**

_____

**APPEARANCES**                                    **OF COUNSEL**

**LAW OFFICES OF KENNETH HILLER, PLLC**    **KENNETH R. HILLER, ESQ.**
6000 North Bailey Avenue, Suite 1A
Amherst, New York 14226
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**        **PADMA GHATAGE, ESQ.**
**OFFICE OF REGIONAL**
**GENERAL COUNSEL – REGION II**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Jessica B. ("Plaintiff") brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("Act"), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying her application for benefits. *See generally* Dkt. Nos. 1,

11. Pending before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 11, 12.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff applied for benefits on June 5, 2014, alleging disability as of June 1, 2012. *See* Dkt. No. 8, Administrative Record ("AR"), at 21.[1] The Social Security Administration denied Plaintiff's application on July 26, 2014. *See id*. In response, Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). *See id*. A video hearing was held on December 5, 2016, with ALJ Sharon Seeley presiding in Buffalo and Plaintiff appearing in Jamestown. *See id.* Plaintiff and Margaret E. Heck, a vocational expert, testified. *See id*. Attorney Kelly Laga represented Plaintiff at the hearing. *See id.*

On March 31, 2017, the ALJ issued a written decision in which she made the following findings "[a]fter careful consideration of the entire record . . ."

1) "[Plaintiff] has not engaged in substantial gainful activity (SGA) since June 5, 2014, the application date (20 CFR 416.971 *et seq*.)."

2) "[Plaintiff] has the following severe impairments: herniated lumbar disc status post March 2014 L5-S1 fusion, and obesity (20 CFR 416.920 (c))."

3) "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926)."

4) "After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) with the following additional limitations: [Plaintiff] can perform work that allows her to alternate at will between sitting and standing; she can

---

[1] All references to the Administrative Record are to the Bates Stamp number in the bottom right corner of those pages. All references to page numbers on other documents in the record are to the page numbers that the Court's ECF system generates, which appear in the top right corner of the page.

occasionally stoop, kneel, crouch, crawl and climb ramps or stairs; she can understand, remember and carry out simple, routine, repetitive tasks; and she can work in an environment with no exposure to hazards such as unprotected heights or moving machinery."

5) "[Plaintiff] has no past relevant work (PRW) (20 CFR 416.965)."

6) "[Plaintiff] was born on November 2, 1981 and was 32 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963)."

7) "[Plaintiff] has a GED and is able to communicate in English (20 CFR 416.964)."

8) "The transferability of job skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 416.968)."

9) "Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969 and 416.969 (a))."

10) "[Plaintiff] has not been under a disability, as defined in the Social Security Act, since June 5, 2014, the date the application was filed (20 CFR 416.920(g))."

*See* AR at 23-31 (citations omitted).

The ALJ's decision became the Commissioner's final decision on February 8, 2018, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See id.* at 1-3. Plaintiff then commenced this action on April 6, 2018, and filed a supporting brief on September 28, 2018. *See* Dkt Nos. 1, 11. Defendant filed a response brief on November 7, 2018. *See* Dkt. No. 12.

### III. DISCUSSION

**A. Standard of review**

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence in the record to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has

defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).  To be eligible for benefits, a claimant must show that she suffers from a disability within the meaning of the Act.  The Act defines "disability" as an inability "to engage in any substantial gainful activity [("SGA")] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is currently engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972.  If so, the claimant is not disabled.  *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not currently engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments.  *See* 20 C.F.R. § 416.920(c).  If not, the claimant is not disabled.  *See id*.
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings").  If so, the claimant is disabled.  *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do [her] past relevant work.  *See* 20 C.F.R. § 416.920(e), (f).  If so, [she] is not disabled.  *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform [her] past relevant work, the ALJ determines if [she] can perform other work, in light of [her] residual functional capacity ("RFC"), age, education, and experience.  *See* 20 C.F.R. § 416.920(f), (g).  If so, then [she] is not disabled.  *See* 20 C.F.R. § 416.920(g).  A claimant is only entitled to receive benefits if [she] cannot perform any alternative gainful activity.  *See id*.

20 C.F.R. § 416.920. For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation and other citations omitted).

**B. Plaintiff's motion**

In support of her motion, Plaintiff's main contention is that the ALJ's residual functional capacity ("RFC") determination was unsupported by substantial evidence as required under 42 U.S.C. § 405(g) and, therefore, warrants a remand. *See* Dkt. No. 11-1, Plaintiff's Brief, at 9. Specifically, Plaintiff contends that the ALJ's RFC determination was not supported by medical expert guidance; and, in light of the ALJ's rejection of all medical opinions in the record, the ALJ should have properly developed a medical expert opinion to fill the evidentiary gap created by the lack of such guidance. *See* Plaintiff's Brief at 10, 14.

A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). In determining a claimant's RFC, the ALJ must consider "all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). "The RFC assessment does not have to 'perfectly correspond' with any of the medical source opinions cited in the ALJ's decision; rather, the ALJ is 'entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole.'" *Carl D. v. Comm'r of Soc. Sec.,* No. 5:17-CV-01114 (TWD), 2019 WL 1115704, *6 (N.D.N.Y. Mar. 11, 2019) (quoting *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order)). The Court must affirm an ALJ's RFC determination when it is supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g).

"[A]n ALJ has an affirmative duty to develop the medical record . . . and to seek out further information where evidentiary gaps exist, or where the evidence is inconsistent or contradictory." *Cadet v. Colvin*, 121 F. Supp. 3d 317, 320 (W.D.N.Y. 2015) (citing *Rosa v. Callahan,* 168 F.3d 72, 79 (2d Cir. 1999); *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1999)). "[W]here a record contains no formal RFC assessments from a treating physician, and does not otherwise contain sufficient evidence (such as well-supported and sufficiently detailed informal RFC assessments . . .) from which the petitioner's RFC can be assessed, an 'obvious gap' exists and the ALJ is obligated to further develop the record." *Id.* at 320 (citing *Iacobucci v. Commissioner*, 2015 WL 4038551, at *4-*5, 2015 U.S. Dist. LEXIS 84977, at *12-*13 (W.D.N.Y. 2015)). Moreover, "[t]he lay evaluation of an ALJ is not sufficient evidence of the claimant's work capacity; an explanation of the claimant's functional capacity from a doctor is required." *Zorilla v. Chater*, 915 F. Supp. 662, 666-67 (S.D.N.Y. 1996) (citing *Rivera-Torres v. Secretary of Health & Human Servs.*, 837 F.2d 4, 6-7 (1st Cir. 1988)).

Plaintiff contends that there are six separate statements in the record that indicate her inability to work during the relevant period and that she can only sit for a maximum of thirty minutes at a time due to her serious post-surgery back pain. *See* Plaintiff's Brief at 11-12 (citing to AR at 247, 328, 333, 374, 382, 599). Plaintiff argues that the ALJ ignored said medical expert guidance and simply relied on her own lay opinion when she wrongly inferred that Plaintiff could do sedentary work in a seated position for six hours per day. *See id*.

As Plaintiff argues, the record contains a number of statements from her treatment providers stating that she is disabled or unable to work. *See* AR at 247, 328, 333, 374, 382, 599. The ALJ considered and incorporated each of these medical opinions in her decision. *See id.* at 27-28. However, the ALJ gave "[a]ll of these opinions . . . little weight in assessing [Plaintiff's]

residual functional capacity because none address specific functional limitations." *See* AR at 30. Moreover, the ALJ found that some of these opinions were entitled to little weight because they were undated, temporary in nature, and made during the period immediately following her surgery. *See id.* at 29-30.

In rejecting all of the medical opinions in the record, the ALJ created an evidentiary gap in the record with regard to Plaintiff's functional limitations and RFC. *See Planteny-Martinez v. Colvin,* No. 6:15-CV-06371(MAT), 2016 WL 3355438, at *3 (W.D.N.Y. June 17, 2016) (holding that "[t]he absence of an RFC assessment from any medical source leaves a gap in the record which the ALJ [is] under a regulatory obligation to fill" (citation omitted)). Therefore, the ALJ was obligated to further develop the record to fill this gap. *See Cadet,* 121 F. Supp. 3d. at 320; *see also Hooker v. Colvin*, No. 13-CV-81-JTC, 2014 U.S. WL 1976958, *7 (W.D.N.Y. May 14, 2014) (holding that "the ALJ is under an affirmative obligation to address evidentiary gaps in the administrative record by recontacting treating sources in order to obtain more detailed information regarding the existence, nature, and severity of the claimed disability" (citations omitted)).

Although "an ALJ does not necessarily need to have a medical opinion in order to make an RFC determination[,]" an RFC determination based on treatment notes must be "'relevant to [the claimant's] ability to perform substantial gainful activity' and 'relevant to her functional capacity.'" *Morales v. Colvin*, No. 3:16-cv-0003(WIG), 2017 WL 462626, *3 (D. Conn. Feb. 3, 2017) (quoting *Monroe v. Comm'r of Soc. Sec.,* No. 16-1042-CV, 2017 WL 213363, at *3 (2d Cir. Jan. 18, 2017)). Although it was proper for the ALJ to accord the medical opinions little weight, it was improper for her to then "'assess [Plaintiff's] RFC on the basis of bare medical findings'" in the record because they lacked specific functional limitations. *See Wilson v.*

*Colvin*, No. 13-CV-6286P, 2015 WL 1003933, *21 (W.D.N.Y. Mar. 6, 2015) (quoting *Dailey v. Astrue,* 2010 WL 4703599, *11 (W.D.N.Y.) (internal quotation omitted), *report and recommendation adopted*, 2010 WL 4703591 (W.D.N.Y. 2010)).

In coming to her RFC determination, the ALJ relied on medical notes that stated that Plaintiff's pain improved when she wasn't standing on concrete all day at work; that she was using pain reducing medication; and that she was undergoing treatment with a pain management doctor. *See* AR at 29. These medical notes are not particularly "'relevant to [Plaintiff's] ability to perform substantial gainful activity' [or] 'relevant to her functional capacity.'" *Morales*, 2017 WL 464626, at *3 (quotation omitted). The ALJ inferred that, since Plaintiff's pain improved when she was not standing on concrete and because she followed her treatment provider's conservative treatment plan, she was capable of certain sedentary work. Although "the Second Circuit [has] held that there are some circumstances in which an ALJ may make an RFC determination without a specific medical opinion[,] . . . the RFC assessment will be 'sufficient only when the record is clear and contains some useful assessment of [Plaintiff's] limitations from a medical source.'" *Brown v. Comm'r of Soc. Sec.*, No. 3:16-CV-0941 (WBC), 2017 WL 3034311, *7 (N.D.N.Y. July 17, 2017) (quoting *Morales v. Colvin*, No. 3:16-CV-0003, 2017 WL 462626, at *3 (D. Conn. Feb. 3, 2017)); *see also Manchester v. Colvin*, No. 7:13-CV-00308, 2014 WL 4983496, *5 (N.D.N.Y. Oct. 6, 2014) (holding that, "although the ALJ's written decision includes a narrative discussion of the raw medical data contained in plaintiff's medical records, such information [does not form a sufficient] basis for making an RFC finding in the absence of . . . expert medical opinion" (citations omitted)).

Furthermore, ALJs are "not free to substitute [their] own lay opinion for opinions [given by] treating sources." *Fuller v. Astrue*, 2010 WL 3516935, *5 (W.D.N.Y. Sep. 7, 2010) (citation

omitted); *see also McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983) (holding that "the ALJ cannot arbitrarily substitute [her] own judgment for competent medical opinion" (citation omitted)). Accordingly, the Court grants Plaintiff's motion for judgment on the pleadings and remands the case for further development of the record.

### IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No. 11, is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 12, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision is **REVERSED** and this matter is **REMANDED** for further proceedings consistent with this Memorandum-Decision and Order, including but not limited to further development of the record to obtain an RFC assessment from a medical source, pursuant to sentence four of the Act; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: August 1, 2019
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge